UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALEX DESMIDT,

Plaintiff,

v.

Case No. 26-cv-1516-bhl

STEVEN CAIN, CONNIE MUELLER and
KERRA STUMBRIS,

Defendants.

---

## SCREENING ORDER

---

On September 4, 2026, Plaintiff Alex Desmidt, proceeding without an attorney, filed a complaint alleging that Defendants, Steven Cain, an Ozaukee County Circuit Court Judge, Connie Mueller, the Ozaukee County Clerk of Court, and Kerra Stumbris, an Ozaukee County Assistant District Attorney, violated his constitutional rights. (ECF No. 1). Desmidt sues Defendants for their actions taken while presiding over and prosecuting an ongoing criminal case, *State v. Desmidt*, Ozaukee Cnty No. 2025CF000197, https://wcca.wicourts.gov/ (last visited September 15, 2026), against him. (ECF No. 1.) Because Defendants are entitled to immunity for those actions, the Court will dismiss Desmidt's complaint without leave to amend.

## LEGAL STANDARD

The Court may screen and dismiss any complaint that is frivolous or fails to state a claim on which relief may be granted, "[n]otwithstanding any filing fee. . . that may have been paid." 28 U.S.C. §1915(e)(2). In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

**ALLEGATIONS**

Desmidt's complaint contains almost no facts and is comprised almost entirely of unsupported legal conclusions. Desmidt is a resident of Fredonia, Wisconsin. (ECF No. 1 at 1.) Steven Cain is an Ozaukee County Circuit Court judge. (*Id.* at 1–2.) Connie Mueller is the Clerk of Court for the Ozaukee County Circuit Court. (*Id.* at 3.) Kerra Stumbris is an Ozaukee County Assistant District Attorney. (*Id.*)

On June 3, 2025, Mueller filed documents while acting as Clerk that Desmidt asserts are "fraudulent and inaccurate." (*Id.*) On March 3, 2026, Desmidt "challenged the court's jurisdiction and requested that [Judge Cain] establish its legal basis." (*Id.* at 2.) Cain did not address Desmidt's objection and proceeded with the matter. (*Id.*) On April 9, 2026, Stumbris "presented false claims against [Desmidt] in the criminal case" as the prosecutor. (*Id.* at 3.) The criminal case against him is ongoing and is scheduled to be tried to a jury on September 16, 2026. *Desmidt*, Ozaukee Cnty. No. 2025CF000197. Desmidt asks that the Court dismiss the criminal case against him and reward him $300,000 in damages. (ECF No. 1 at 4.)

**ANALYSIS**

Desmidt attempts to raise three claims under 42 U.S.C. §1983 challenging his criminal prosecution in Ozaukee County Circuit Court. (ECF No. 1.) Because he sues defendants who are immune from suit, his complaint will be dismissed with prejudice.

To state claims under Section 1983, Desmidt must identify a person or persons acting under color of law who violated his federal rights. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990). But there is a "fundamental principle" that judges are absolutely immune from suit for damages for their judicial conduct. *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir.

2001). This rule protects the judicial process by ensuring that judges make decisions based on the merits, not based on fear of potential lawsuits. *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012). Similarly, clerks employed by courts are entitled to quasi-judicial immunity, so long as they act pursuant to judicial direction. *See Snyder v. Nolen*, 380 F.3d 279, 285–89 (7th Cir. 2004) (discussing when clerks enjoy quasi-judicial immunity). Prosecutors enjoy absolute immunity from suit for all actions and decisions undertaken in furtherance of their prosecutorial duties. *See Fields v. Wharrie*, 672 F.3d 505, 510–14 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)).

Desmidt's claims fail under this well-established law. He improperly attempts to sue a state Circuit Court Judge, the Clerk of Court for Ozaukee County Circuit Court, and an Ozaukee County Assistant District Attorney. The only conduct he identifies is entirely related to Defendants' conduct in their respective roles as a judge, clerk, and prosecutor: Judge Cain presided over a hearing, Mueller allegedly filed documents initiating a criminal case, and Stumbris appeared for the State of Wisconsin in an April 9, 2026 hearing. (ECF No. 1); *Desmidt*, Ozaukee Cnty. No. 2025CF000197. His claims are therefore precluded because these individuals are simply immune from suit for the conduct he alleges.

In addition, the Court cannot grant the other relief Desmidt requests—forcing the state court to dismiss the criminal charges against him. Under *Younger v. Harris*, 401 U.S. 37, 53–54 (1971), federal district courts must abstain from adjudicating federal claims when a federal plaintiff uses his federal lawsuit to try to enjoin an ongoing state court criminal prosecution. Even absent the other serious flaws in Desmidt's complaint, the Court could not interfere with the State of Wisconsin's ongoing criminal prosecution against him.

The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend his complaint, unless amendment would be futile. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Because Desmidt is trying to sue individuals who are immune from liability as a matter of law, any attempt to amend would be futile. The Court will therefore dismiss his complaint with prejudice and without leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, on September 15, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge